Alvin **MANSILLA–PALENCIA,**
**Petitioner,**

v.

Michael B. **MUKASEY,**[1] **Respondent.**

No. 07–1032–ag.

United States Court of Appeals,
Second Circuit.

March 3, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto Gonzales as a respondent in this case.

Lauren Filiberto (Hamza Ma'ayergi, on the brief), Ma'ayergi & Associates, LLC, Stamford, CT, for Petitioner.

Beth Werlin (Trina Realmuto, on the brief), American Immigration Law Foundation, Washington D.C., for Amicus.

P. Michael Truman, Office of Immigration Litigation, Civil Division, for Peter D. Keisler, Asst. Attorney General, and, Senior Litigation Counsel, Civil Division, Department of Justice, Washington D.C., for Respondent.

PRESENT: Hon. WALKER, Hon. B.D. PARKER and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Alvin Mansilla–Palencia seeks review of the BIA's determination that because he self-deported, neither the immigration judge ("IJ") nor the Bureau of Immigration Appeals ("BIA") had jurisdiction to consider his motion to reopen. *See* 8 C.F.R. § 1241.7. We assume the parties' familiarity with the underlying facts and procedural history of this case, as well as the issues on appeal.

Mansilla, a citizen of Guatemala, entered the United States in 1990 without inspection. In 1997, he was taken into custody by the Immigration and Naturalization Service ("INS") in Florida. His case was then transferred to Hartford, Connecticut. He contacted immigration attorney Sheri Paige to represent him. As his first hearing was scheduled on a Jewish holiday, Paige requested that the hearing date be changed. However, the IJ denied her request. When Paige and Mansilla failed to appear for the hearing, the IJ ordered him deported *in absentia* on September 22, 1998. Mansilla alleges that in October 1998, he attempted to contact Paige on numerous occasions but was unsuccessful. He further alleges that when he personally inquired about the status of his case, Paige's secretary told him that the case was "finished."

In November 1999, unaware of the *in absentia* removal order, Mansilla returned to Guatemala to care for his mother. After the U.S. Embassy, which failed to inform him of the pending order, denied him a visa, Mansilla re-entered the United States on March 10, 2000, using a passport that did not belong to him. Upon returning to the United States, Mansilla married his current wife. In March 2003, during the process of filing for permanent residency, Mansilla was informed of the deportation order. He attempted to contact Paige, who had her secretary give him his file. Mansilla then learned of a document, which he alleges was forged, purportedly terminating the attorney-client relationship. When he discovered the forgery and learned that Paige was being investigated for fraudulent conduct, Man-

silla contacted another attorney in September 2004. Mansilla then filed a grievance against Paige who, by that time, had resigned from the Connecticut state bar. On September 21, 2006, Mansilla was taken into custody by Immigration and Customs Enforcement ("ICE") and is currently detained in El Paso, Texas.

On November 14, 2006, eight years after the initial removal order, Mansilla filed an emergency stay of removal and a motion to reopen based on the ineffective assistance of Paige in failing to notify him of the removal hearing. Both motions were denied by the IJ, who concluded that because Mansilla had self-deported under 8 C.F.R. § 1241.7, there were "no proceedings to reopen." 8 C.F.R. § 1241.7 states that "[a]ny alien who has departed from the United States while an order of deportation or removal is outstanding shall be considered to have been deported, excluded and deported, or removed."

Mansilla then appealed to the BIA which affirmed the IJ's conclusion. It also found that it lacked jurisdiction to consider Mansilla's various constitutional arguments. This appeal followed.

Although the BIA and IJ originally denied Mansilla's motion for lack of jurisdiction, we do not reach the jurisdictional issue because we conclude that that it would be futile to remand given the fact that, for the reasons stated below, Mansilla's motion to reopen was patently untimely. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 339 (2d Cir.2006) (concluding remand futile where "we can state with confidence that the same decision would be made were the petition remanded").

Mansilla contends that his motion to reopen should have been granted and his *in absentia* removal order rescinded pursuant to 8 U.S.C. § 1229a(b)(5)(C)(i), which allows rescission "upon a motion to reopen filed 180 days after the date of the order of removal if the alien demonstrates that the failure to appear was because of exceptional circumstances." He argues that the ineffective assistance of Paige constitutes "exceptional circumstances."

We disagree. We do not reach the question of whether Mansilla has demonstrated exceptional circumstances because we conclude that his motion to reopen was filed long after the 180 day deadline. Mansilla first discovered the removal order at some point in 2003, had some understanding of the showing necessary to demonstrate ineffective assistance of counsel, yet he still waited approximately three years to file a motion to reopen. The record is devoid of any indication that Mansilla diligently pursued his case in the long period between the discovery of the removal order and his motion to reopen. *See Iavorski v. INS*, 232 F.3d 124, 132 (2d Cir.2000) (holding the filing deadline for motions to reopen may be equitably tolled if the alien demonstrates due diligence in pursuing his or her claim).

For the foregoing reasons, the petition is denied.